IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAFARGE CORPORATION, | CIVIL ACTION NO. **3:CV-06-2315** |
| Plaintiff | Magistrate Judge Blewitt |
| v. | |
| NO. 1 CONTRACTING CORPORATION, et al., | |
| Defendants | |

## **MEMORANDUM**

On August 20, 2007, Plaintiff LaFarge Corporation filed a Motion for Summary Judgment against Defendants No. 1 Contracting Corporation and Al Roman. (Doc. 59). A support Brief, a Statement of Material Facts ("SMF"), and Affidavits with Exhibits were filed on the same date. (Docs. 60-63). Plaintiff did not move for summary judgment as against the third Defendant in this case, namely, Defendant XL Specialty Insurance Co. ("XL Specialty").[1]  On September 5, 2007, the Court approved a Stipulation which afforded Defendant XL Specialty until September 12, 2007, to serve its response to Plaintiff's Motion for Summary Judgment against Defendants No. 1 Contracting Corporation and Al Roman. The Stipulation also afforded Plaintiff until September 18, 2007, to file its reply brief in support of its Summary Judgment Motion. (Doc. 66). Subsequently, on October 5, 2007, Plaintiff and Defendant XL Specialty entered into a Stipulation which was approved by the Court, and indicated that Defendant XL Specialty would not oppose

---

[1] The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (Docs. 52 and 53). This Court has jurisdiction over this breach of contract action pursuant to 28 U.S.C. § 1332.

Plaintiff's pending Summary Judgment Motion against the Defendants No. 1 Contracting Corporation and Al Roman, and that it would not oppose the entry of a final judgment as against Defendants No. 1 Contracting Corporation and Al Roman. (Doc. 70). However, since Defendants No. 1 Contracting Corporation and Al Roman, both of whom are represented by the same counsel, had not filed their responses to Plaintiff's Motion for Summary Judgment, the Court issued an Order on October 3, 2007 (Doc. 68), stating as follows:

> Further, neither Defendants No. 1 Contracting Corporation nor Al Roman have filed their opposition briefs to Plaintiff's Motion for Summary Judgment, which were to have been filed by September 6, 2007. We shall give Defendants No. 1 Contracting Corp. and Al Roman, who are both represented by the same counsel, ten (10) additional days to file their opposition briefs to Plaintiff's Summary Judgment Motion. Failure of these Defendants to file their briefs will be deemed as their non-opposition to Plaintiff's Summary Judgment Motion under Local Rule 7.6, M.D. Pa.

To date, Defendants No. 1 Contracting Corporation and Al Roman have not filed their opposition briefs to Plaintiff's Motion for Summary Judgment as directed by the October 3, 2007 Order. Nor have these Defendants requested a further extension of time to file their briefs. The Court has given these Defendants an additional eight days to file their briefs. Defendants No. 1 Contracting Corporation and Al Roman have had more than ample time within which to file their opposition briefs to Plaintiff's Summary Judgment Motion. Therefore, the Court deems Defendants No. 1 Contracting Corporation and Al Roman as not opposing Plaintiff's Summary Judgment Motion pursuant to Local Rule 7.6, M.D. Pa.

Further, since Defendants No. 1 Contracting Corporation and Al Roman have not responded to Plaintiff's SMF, and these Defendants have not submitted any evidence to contradict Plaintiff's evidence, as required by Local Rule 56.1, M.D. Pa., the Court accepts all of the facts contained in

Plaintiff's SMF, as well as Plaintiff's evidence, as undisputed. (Docs. 60 - 63).

## II. Summary Judgment Standard.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), aff'd mem. 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id.* The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, quoting *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), cert. denied, 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d v. *Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Moreover, the Third Circuit has recently indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" Goode v. Nash, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted).

As stated, since all of Plaintiff's SMF's are not disputed by Defendants No. 1 Contracting Corporation and Al Roman (Doc. 63), we shall consider them as unopposed. Therefore, we accept the stated facts contained in Plaintiff's SMF's since they are not disputed by Defendants, and we will adopt them as our own herein. See U.S. ex rel. Paranich v. Sorgnard, 396 F. 3d 326, 330, n. 5 (3d Cir. 2005) (Under M.D. Pa. L.R. 56.1, the Third Circuit noted that the District Court adopted all the facts of one party that were not clearly disputed by the other party with sufficient citation to the record).[2] Further, we accept all of Plaintiff's evidence (Docs. 60 and 61) as undisputed.

## III. Discussion.

Plaintiff's undisputed evidence shows that Defendant No. 1 Contracting Corporation purchased cement from Plaintiff during August 2005 through November 2005 for use by Defendant No. 1 Contracting Corporation at the Route 81 Lickdale Project, and that the agreed price for all of the cement was $477,527.88. Defendant Al Roman personally guaranteed payment of all sums due to Plaintiff by Defendant No. 1 Contracting Corporation. (Doc. 63, ¶'s 1.-3.). Plaintiff made

---

[2]See also Paranich District Court case at 286 F. Supp. 2d at 447, n. 3.

demand for full payment of the cement it sold to No. 1 Contracting Corporation, and to date, neither No. 1 Contracting Corporation nor Al Roman have paid Plaintiff the agreed price for the cement. (*Id.*, ¶'s 4.-7.).

Since it is undisputed that Plaintiff provided Defendant No. 1 Contracting Corporation with the cement and that Defendant Al Roman guaranteed payment for it, that Plaintiff made demand for full payment, and Defendants have not paid Plaintiff for the cement, and that both Defendants are liable to Plaintiff in the principal amount of $477,527.88, plus financing charges, attorney's fees and costs, the Court shall grant Plaintiff's Summary Judgment Motion and shall enter Judgment in favor of Plaintiff and against Defendants No. 1 Contracting Corporation and Al Roman in the stated amount.

An appropriate Order and Judgment will be issued.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: October 25, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAFARGE CORPORATION, | : | CIVIL ACTION NO. **3:CV-06-2315** |
| Plaintiff | : | Magistrate Judge Blewitt |
| v. | : | |
| NO. 1 CONTRACTING CORPORATION, et al., | : | |
| Defendants | : | |

### ORDER AND JUDGMENT

AND NOW, this 25th day of **October, 2007**, upon consideration of the Motion for Summary Judgment of Plaintiff Lafarge Corporation against Defendants No. 1 Contracting Corporation and Al Roman **(Doc. 59)**, no answer or brief being filed in opposition thereto by said Defendants, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Summary Judgment Motion **(Doc. 59)** is **GRANTED.**

2. Judgment is entered in favor of Plaintiff Lafarge Corporation and against Defendants No. 1 Contracting Corporation and Al Roman in the amount of $477,527.88, together with all finance charges that have accrued thereon and the attorneys' fees, costs and disbursements incurred by Plaintiff Lafarge Corporation herein.

**THOMAS M. BLEWITT**
United States Magistrate Judge

Dated: October 25, 2007