IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAFARGE CORPORATION., | : | CIVIL ACTION NO. **3:CV-06-2315** |
| | : | |
| Plaintiff | : | Magistrate Judge Blewitt |
| | : | |
| v. | : | |
| | : | |
| NO.1 CONTRACTING CORPORATION, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

**I. Background.**

On August 20, 2007, Plaintiff LaFarge Corporation filed a Motion for Summary Judgment

against Defendants No. 1 Contracting Corporation ("No. 1 Contracting Corp.") and Al Roman.

(Doc. 59). A support Brief, a Statement of Material Facts ("SMF"), and Affidavits with Exhibits were

filed on the same date. (Docs. 60-63). Plaintiff did not move for summary judgment as against the

third Defendant in this case, namely, Defendant XL Specialty Insurance Co. ("XL Specialty").[1]

On September 5, 2007, the Court approved a Stipulation which afforded Defendant XL

Specialty until September 12, 2007, to serve its response to Plaintiff's Motion for Summary

Judgment against Defendants No. 1 Contracting Corporation and Al Roman. The Stipulation also

afforded Plaintiff until September 18, 2007, to file its reply brief in support of its Summary Judgment

Motion. (Doc. 66). Subsequently, on October 5, 2007, Plaintiff and Defendant XL Specialty

entered into a Stipulation which was approved by the Court, and indicated that Defendant XL

---

[1] The parties have consented to the jurisdiction of the undersigned pursuant to
28 U.S.C. § 636(c). (Docs. 52 and 53). This Court has jurisdiction over this breach of contract
action pursuant to 28 U.S.C. § 1332.

Specialty would not oppose Plaintiff's pending Summary Judgment Motion against the Defendants

No. 1 Contracting Corporation and Al Roman, and that it would not oppose the entry of a final

judgment as against Defendants No. 1 Contracting Corporation and Al Roman.   (Doc. 70).

However, since Defendants No. 1 Contracting Corporation and Al Roman, both of whom were

represented by the same counsel[2], had  not filed their responses to Plaintiff's Motion for Summary

Judgment, the Court issued an Order on October 3, 2007 (Doc. 68), stating as follows:

> Further, neither Defendants No. 1 Contracting Corporation nor
> Al Roman have filed their opposition briefs to Plaintiff's Motion for
> Summary Judgment, which were to have been filed by September 6, 2007.
> We shall give Defendants No. 1 Contracting Corp. and Al Roman, who are
> both represented by the same counsel, ten (10) additional days to file their
> opposition briefs to Plaintiff's Summary Judgment Motion.  Failure of these
> Defendants to file their briefs will be deemed as their non-opposition to
> Plaintiff's Summary Judgment Motion under Local Rule 7.6, M.D. Pa.

Notwithstanding the Court's October 3, 2007 Order (Doc. 68), in which the Court, *sua*

*sponte*, gave Defendants more time, Defendants No. 1 Contracting Corporation and Al Roman did

not file their opposition briefs to Plaintiff's Motion for Summary Judgment.   Nor did these

Defendants request a further extension of time to file their briefs.   Nonetheless, the Court gave

these Defendants an additional eight days to file their briefs.   Defendants No. 1 Contracting

Corporation and  Al Roman had more than ample time within which to file their  opposition briefs

to Plaintiff's Summary Judgment Motion.   These Defendants never notified the Court that they

concurred with Plaintiff's Summary Judgment Motion or that they opposed it.  Therefore, the Court

deemed Defendants No. 1 Contracting Corporation and Al Roman as not opposing Plaintiff's

---

[2]Defendants No. 1 Contracting and Roman were represented by Attorney Ronald
Santora and the law firm of Bresset & Santora, LLC.

Summary Judgment Motion pursuant to Local Rule 7.6, M.D. Pa.

The Court also found merit to Plaintiff's Summary Judgment Motion since its undisputed evidence showed that Plaintiff provided Defendant No. 1 Contracting Corporation with the cement and that Defendant Al Roman guaranteed payment for it, that Plaintiff made demand for full payment, and Defendants have not paid Plaintiff for the cement.  The Court found Plaintiff's undisputed evidence showed that both Defendants were liable to Plaintiff in the principal amount of $477,527.88, plus financing charges, attorney's fees and costs.  The Court found that, based on Plaintiff's undisputed evidence, Plaintiff was entitled to the granting of its Summary Judgment Motion and to the entry of Judgment in its favor and against Defendants No. 1 Contracting Corporation and Al Roman in the stated amount.

On October 25, 2007, the Court issued an Order and Judgment (Doc. 71) and directed as follows:

> [T]hat upon consideration of the Motion for Summary Judgment of Plaintiff Lafarge Corporation against Defendants No. 1 Contracting Corporation and Al Roman (Doc. 59), no answer or brief being filed in opposition thereto by said Defendants, IT IS HEREBY ORDERED THAT:
>
> 1.  Plaintiff's Summary Judgment Motion (Doc. 59) is GRANTED.
>
> 2.  Judgment is entered in favor of Plaintiff Lafarge Corporation and against Defendants No. 1 Contracting Corporation and Al Roman in the amount of $477,527.88, together with all finance charges that have accrued thereon and the attorneys' fees, costs and disbursements incurred by Plaintiff Lafarge Corporation herein.[3]

---

[3]The Court amended the Judgment in Plaintiff's favor on November 15, 2007. (Doc. 78). In the Amended Judgment, Plaintiff was awarded total attorneys' fees and costs in the amount of $125,092.73.

Since the Court has entered Judgment in favor of Plaintiff Lafarge Corporation and against Defendants No. 1 Contracting Corporation and Al Roman, only Defendant XL Specialty Ins. Co. remains in this case. During a May 7, 2008 telephonic conference, the Court directed counsel for Plaintiff to advise the Court in three weeks as to how Plaintiff was going to proceed with respect to the last phase of this case and if a telephone conference with the Court was required.

Presently pending before the Court are two Motions. First, the Plaintiff's February 15, 2008 Motion for Sanctions against Attorney Santora, Bresset & Santora, LLC ("Defendants' Counsel"), and Defendants No. 1 Contracting Corp. and Roman pursuant to Rule 11 and 28 U.S.C. §1927 as well as the inherent power of the Court. **(Doc. 79)**. Second, the Motion of Attorney Santora and Bresset & Santora, LLC to file their Answer to Plaintiff's Motion for Sanctions Out of Time. **(Doc. 90)**.[4]

## II. Discussion.

Initially, the Court finds that since Defendants No. 1 Contracting Corp. and Roman did not file any opposition brief to Plaintiff's Motion for Sanctions filed pursuant to Rule 11 and pursuant to 28 U.S.C. § 1927, as well as pursuant to the Court's inherent power (Doc.79), and since the stated two Defendants did not request an extension of time to do so, we shall deem both of these Defendants as not opposing Plaintiff's instant Motion as against them under Local Rule 7.6, M.D. Pa. *See Salkeld v. Tennis*, 2007 WL 2682994, * 1 (3d Cir. 2007)(Non-Precedential) (Third Circuit Court found no error with District Court's decision of deeming Plaintiff inmate's motion as

---

[4] As noted above, Attorney Santora and Bresset & Santora, LLC were legal counsel to Defendants No. 1 Contracting Corp. and Roman in this case.

withdrawn for failure to comply with M.D. Pa. Local Rule 7.5 requiring the timely filing of a supporting brief).[5]  Once again Defendants No. 1 Contracting Corp. and Roman had more than ample time to respond to Plaintiff's Motion and failed to do so.  Moreover, as stated, neither Defendant No. 1 Contracting Corp. or Defendant Roman requested an extension of time from the Court to file an opposition brief.  Defendants No. 1 Contracting Corp. and Roman have not explained why they did not file a response to Plaintiff's Motion or give any indication to this Court that they wished to oppose it.  Therefore, as stated, Defendants No. 1 Contracting Corp. and Roman are deemed as not opposing Plaintiff's Motion for Sanctions against them, and Plaintiff's Motion will be granted as to these two Defendants.

Plaintiff attached its Brief in support of its Motion for Sanctions along with the Affidavit of Plaintiff's Counsel and Exhibits (Exs. A-E) to its Motion.  (Docs. 79, 79-2, 79-3-79-7, and 79-8). Thus, Plaintiff's Motion was properly supported by its Brief as well as evidence.  Defendants No. 1 Contracting Corp. and Roman were served with Plaintiff's filings through their counsel of record, namely Attorney Santora of Bresset & Santora, LLC. (Doc. 80).

On March 3, 2008, Respondents Attorney Santora and Bresset & Santora, LLC, through their counsel, filed a timely Motion for an Extension of Time to file their Response to Plaintiff's Motion for Sanctions.  (Doc. 83).  On March 5, 2008, the Court granted the Motion for an Extension of Time of Attorney Santora and  Bresset & Santora, LLC, and initially afforded them an additional 45

---

[5]In their Motion to file their Answer to Plaintiff's Motion for Sanctions Out of Time and in their proposed Answer, Respondents Attorney Santora and Bresset & Santora, LLC, make clear that their Motion is filed only on their behalf and not also on behalf of their clients, Defendants No. 1 Contracting Corp. and Roman.  (Docs. 89 and 90).

days to file their Response.  (Doc. 84).  However, since Plaintiff objected to the length of the extension of time granted to Attorney Santora and Bresset & Santora, LLC, the Court vacated its March 5, 2008 Order (Doc. 84) and entered a subsequent Order allowing Plaintiff to file its opposition to the stated Motion for Extension of Time of Defendants' Counsel.  (Doc. 85).  Plaintiff filed its opposition to Defendants' counsel's Motion for an Extension of Time on March 7, 2008. (Doc. 86).  Then, on March 10, 2008, the Court issued an Order in which it granted in part Defendants' Counsel's Motion for an Extension of Time, and it directed Attorney Santora and Bresset & Santora, LLC to file their opposition brief to Plaintiff's Motion for Sanctions within thirty (30) days, *i.e.* by April 9, 2008.  (Doc. 87).

Despite the Court's granting of the Motion for Extension of Time of Attorney Santora and Bresset & Santora, LLC, and giving them additional time until April 9, 2008 to file their Response to Plaintiff's Motion for Sanctions, they failed, without any explanation, to file their Response.  Nor did  Defendants' Counsel request  a further extension of time to file their opposition brief.  Thus, on April 16, 2008, the Court issued an Order scheduling a telephonic status conference for May 7, 2008, to determine, in part, the status of Plaintiff's Motion for Sanctions.  (Doc. 88).

The Court essentially gave Defendants' Counsel additional time to file their Response to Plaintiff's Motion for Sanctions *nunc pro tunc* or to make a *nunc pro tunc* motion for a second extension of time.  Defendants' Counsel did not file any document until the day before the telephone conference.  Namely, on May 6, 2008, they filed an untimely Answer to Plaintiff's Motion for Sanctions and an Affidavit of Attorney Santora in Response to Plaintiff Counsel's Affidavit (Doc. 89).  Defendants' Counsel also filed a Motion to file their Answer to Plaintiff's Motion for

Sanctions Out of Time, with attached exhibits.  (Doc. 90).

On May 7, 2008, the Court conducted a telephonic status conference with Counsel for Plaintiff and Defendants' Counsel, as well as counsel for Santora and Bresset & Santora, LLC.  After considering the filings of the parties and hearing from counsel, the Court does not find any good cause which would entitle Defendants' Counsel to file their Answer to Plaintiff's Motion for Sanctions out of time.  The Court will deny Defendants' Counsel's Motion  to file their Answer to Plaintiff's Motion for Sanctions Out of Time.  (Doc. 90).  Defendants' Counsel failed to act in a timely manner and did not even file their Motion to file their Answer to Plaintiff's Motion for Sanctions Out of Time (Doc. 90) until almost one month after their Answer was due (*i.e.* April 9, 2008 through May 6, 2008).  Defendants' Counsel did not advise the Court during this almost one month time period as to any reason for their delay in responding to Plaintiff's Motion for Sanctions.

Further, even if the Court did grant the Defendants' Counsel's  Motion  to file their Answer to Plaintiff's Motion for Sanctions Out of Time, the Court does not find the proffered reasons of Defendants' Counsel satisfactorily explains  their failure to act, *i.e.* they were waiting to obtain a response from their liability insurance carrier as to whether it would provide them coverage and defend them in this matter.  Specifically, Defendants' Counsel state in their Doc. 90 Motion that their delay in this case was because their insurance carrier delayed its response to them about coverage and because of their legitimate belief that they are entitled to insurance coverage and a defense by their insurer.  (Doc. 90, ¶ 9.).  They state that they did not want to jeopardize their possible  coverage by acting without permission of their insurance carrier.  (*Id*.).  Defendants' Counsel could have certainly filed another motion for extension of time to file their Response to

7

Plaintiff's Motion for Sanctions explaining to the Court their reason for their delay without jeopardizing any possible coverage by their insurance carrier.

Moreover, the Court fails to see why Defendants' Counsel needed a response from their insurance carrier to respond to Plaintiff's Motion for Sanctions.  Any Response by Defendants' Counsel could have been amended if their insurance carrier requested changes in it.  As stated, Defendants' Counsel could have simply filed a timely request for another extension of time and could have explained to the Court the reason for their delay.  However, Defendants' Counsel did not take any timely action.  Thus, the Court finds that Defendants' Counsel should have simply filed a timely request for a second extension of time to file their Response to Plaintiff's Motion for Sanctions.

Moreover, Defendants' Counsel state (Doc. 90, ¶ 7.) that they were advised by letter dated April 21, 2008, from their insurance carrier that no coverage would be given to them in this case.[6] Even if they received this letter a few days later in the mail, they should have still been able to advise this Court as to the delay with their Response to Plaintiff's Motion for Sanctions well before May 6, 2008.  Defendants' Counsel offer no explanation as to why they waited another thirteen (13) days after they were notified by their insurance carrier that it would not provide them coverage

---

[6]In Defendants' Counsel's recently filed (May 6, 2008) Declaratory Judgment Complaint against their professional liability insurance company, they again state that their malpractice carrier notified them on or about April 21, 2008, that it declined to provide coverage for them and would not provide them with a defense  to Plaintiff's Motion for Sanctions.  (Doc. 1, No. 08-0899, M.D. Pa.).

to file their present Doc. 90 Motion.[7]

Nor does the Court find any merit to the request of Defendants' Counsel to stay Plaintiff's Motion for Sanctions until their recently filed (May 6, 2008) Declaratory Judgment action against their insurance carrier is decided by the Court.  While Defendants' Counsel attached their proposed Declaratory Judgment Complaint against their insurance carrier to their *nunc pro tunc* Motion (Doc. 90), the Court finds no valid reason to delay ruling on Plaintiff's Motion for Sanctions until some unknown time in the future  after the Declaratory Judgment Complaint is decided by the Court. Further, the Court does not find that Defendants' Counsel acted with reasonable diligence in filing their untimely Motion and Answer to Plaintiff's Motion for Sanctions.[8]

---

[7]In fact, the Court finds that if it did not set the May 7, 2008 telephone conference, Defendants' Counsel probably would not have even filed their *nunc pro tunc* Motion and Answer on May 6, 2008.

[8]Defendants' Counsel filed their Declaratory Judgment Complaint with this Court on May 6, 2008.  Civil No. 08-0899, M.D. Pa.  Defendants' Counsel named as Defendant in their Declaratory Judgment action their malpractice insurance carrier, Diamond State Insurance Company.  Defendants' Counsel named as Interested Parties as our instant Plaintiff, LaFarge Corp., and our instant three Defendants.  (Doc. 1, No. 08-0899).  Defendants' Counsel basically claim in their Declaratory Judgment action that their professional liability carrier, Diamond State Insurance Company, improperly refused to defend  them with respect to LaFarge's Motion for Sanctions against them in case # 06-2315 and to indemnify them if LaFarge's stated Motion is granted and Sanctions are awarded against them.
While the undersigned has been assigned Defendants' Counsel's Declaratory Judgment action No. 08-0899 as a location case with District Court Judge Caputo, and while it has not been served yet on the Defendant named therein, the undersigned  will be issuing a Report and Recommendation recommending that the District Court, *sua sponte*, dismiss this Declaratory Judgment action or transfer it to the state court.

In the *Hartford v. Davis* case, this Court stated:

> Even where other jurisdictional prerequisites are met, we
> may decline to hear an action brought for declaratory relief [FN2].

Even if the Court accepted Defendants' Counsel's untimely Answer to Plaintiff's Motion  for

Sanctions, the Court disagrees with Defendants' Counsel (Doc. 89) that sanctions are unwarranted

in this case and finds merit to Plaintiff's Motion.  Thus, the Court finds that even in considering the

Affidavit of Attorney Santora in Response to the Affidavit of Plaintiff's Counsel (Doc. 89), Plaintiff

is entitled to sanctions as against Defendants' Counsel.  The Court agrees with Plaintiff (Doc. 79-9,

pp. 2-3) that Sanctions are warranted due to the signing and filing by Defendants' Counsel, on

behalf of Defendants No. 1 Contracting Corp. and Roman, their March 30, 2007 Motion to Vacate

---

The United States Supreme Court has held "that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U .S. 277, 282 (1995).  The Third Circuit Court of Appeals has indicated that the Declaratory Judgment Act "contemplates that district courts will exercise discretion in determining whether to entertain such actions." *State Auto Ins. Co. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2001).  In other words, the Declaratory Judgment Act "confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995).

FN2.  Plaintiff asserts diversity jurisdiction.

We are not unlimited, however, in our discretion not to hear a declaratory judgment action.  When the issues involved in the case include "federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding" we should entertain the action.  *Summy*, 234 F.3d at 134.

2007 WL 257915, *2 (M.D. Pa.).  *See also  Progressive Northwest Ins. Co. v. Sczyrek*, 2008 WL 170588 (M.D. Pa.); *State Auto Property & Cas. Ins. Co. v. Follweiler*, Civil No. 08-0618, M. D. Pa.; *AIG Ins. Co. v.  Teeple*, Civil No. 07-911, M.D. Pa.

Default (Doc. 20) since these Defendants did not have a meritorious defense to Plaintiff's claims and did not have a reasonable excuse for their delay in raising their defense to Plaintiff's claims against them.   The Court concurs entirely with Plaintiff's reasoning in its Brief in support of its Motion for Sanctions, the averments in Plaintiff's Counsel's Affidavit (Doc. 79-2), as well as the reasoning of Plaintiff's Counsel during the May 7, 2008 telephone conference, as to why Defendants No. 1 Contracting Corp. and Roman's March 30, 2007 Motion to Vacate Default (Doc. 20) was without any good faith basis in fact or law.   (Doc. 79-9, pp. 4-6).   The Court specifically agrees  with the conclusion of the Statement of Facts section of Plaintiff's Brief which states:

> Defendants never had any good faith or even colorable excuse for not timely responding to Lafarge's complaint, and their defense of "payment" – including counsel's and defendants' March, 2007 certifications and representations in support thereof -- was knowingly reckless and false.  Lafarge has suffered damage by reason of this conduct.

(Doc. 79-8, p. 5). (*See also* Doc. 79-2, ¶'s 2.-5., Affidavit of Plaintiff's Counsel).[9]

Also, as Plaintiff states in its Brief (Doc. 79-8, p. 5) and as Plaintiff's Counsel avers in his Affidavit (Doc. 79-2), since Defendants No. 1 Contracting Corporation and Al Roman did not respond  to Plaintiff's SMF filed with its Summary Judgment Motion, and since  these Defendants did not submit any evidence to contradict Plaintiff's evidence, as required by Local Rule 56.1, M.D. Pa., the Court accepted all of the facts contained in Plaintiff's SMF (in particular ¶ 6. of Plaintiff's SMF),  as well as Plaintiff's evidence, as undisputed.  (Docs. 60 - 63, 71).  *See also Dusenbery v.*

---

[9] The Court accepts the stated filings of Plaintiff as its findings of fact as well as Plaintiff's uncontested Statement of Material Facts filed in support of its Summary Judgment Motion. (Doc. 63).

*U.S.*, 2006 WL 218220, * 1 (M.D.Pa.2006) ("it appearing that defendants' statement of material facts was properly deemed admitted by plaintiff *see* L.R. 56.1 providing that the moving party's statement of material facts will be deemed admitted unless the non-moving party specifically contradicts the statement").  *See U.S. ex rel. Paranich v. Sorgnard*, 396 F. 3d 326, 330, n. 5 (3d Cir. 2005) (Under M.D. Pa. L.R. 56.1, the Third Circuit noted that the District Court adopted all the facts of one party that were not clearly disputed by the other party with sufficient citation to the record).[10]

The Court now relies upon Plaintiff's undisputed SMF (Doc. 63)  to support its present findings of fact that Plaintiff is entitled to sanctions as against Defendants No. 1 Contracting Corporation and Al Roman, and Defendants' Counsel.

On April 19, 2007, the District Court issued an Order granting Defendants' No. 1 Contracting Corp. and Roman's Motion to Set Aside Default.  (Doc. 37).  Also on April 19, 2007, Defendants No. 1 Contracting Corp. and Roman filed their Answer to the Amended Complaint.  (Doc. 38).[11]   The Court agrees with Plaintiff's above-stated conclusion (Doc. 79-8, p. 5) that Defendants No. 1 Contracting Corp. and Roman, and Defendants' Counsel, should have known that there was no merit to the claimed defense that they paid Plaintiff since there was never any evidence to support this defense.   In fact, as discussed below, even if the Court considers Defendants' Counsel's untimely Answer to Plaintiff's Motion for Sanctions and Santora's Affidavit

---

[10]*See also Paranich* District Court case at 286 F. Supp. 2d at 447, n. 3.

[11]The parties did not consent to the exercise of the undesigned's jurisdiction for all matters in this case until June 25, 2007.  Docs. 52 and 53.

(Doc. 89), no evidence is submitted which shows that Defendants could have reasonably and in good faith asserted the defense of payment at any time in this case.

Moreover, following the July 18, 2007 deposition of Defendant Roman, Defendants' Counsel should have known that there was not any good faith basis for the filing of Defendants No. 1 Contracting Corp. and Roman's March 30, 2007 Motion to Vacate Default (Doc. 20) and they should have consented to the entry of judgment in Plaintiff's favor and against their clients. Instead, Plaintiff was needlessly required to file its Summary Judgment Motion on August 20, 2007, along with its supporting documents. (Docs. 59-63). Defendants No. 1 Contracting Corp. and Roman did not file an opposition brief to Plaintiff's Summary Judgment Motion, and they did not concur with it.

The Court also finds that, as a result of Defendants' baseless March 30, 2007 Motion to Vacate Default (Doc. 20), Plaintiff needlessly had to continue to prosecute its case, file its August 20, 2007 Summary Judgment Motion and supporting documents, and unnecessarily incur costs until the Court entered Judgment in its favor and against Defendants No. 1 Contracting Corp. and Roman on October 25, 2007. (Doc. 71).[12] As stated above, Defendants No. 1 Contracting Corp. and Roman did not even file an opposition brief to Plaintiff's Motion for Summary Judgment. These Defendants were deemed as not opposing Plaintiff's Summary Judgment Motion. The Court also found merit to Plaintiff's Summary Judgment Motion based upon its undisputed evidence. (Doc. 71). Further, for purposes of Plaintiff's present Motion for Sanctions and the Court' findings

---

[12]As noted, the Court entered an Amended Judgment in favor of Plaintiff and against Defendants No. 1 Contracting Corp. and Roman on November 15, 2007. (Doc. 78).

of fact, as Plaintiff suggests (Doc. 79-2, pp. 5-7), the Court specifically adopts the undisputed facts stated in Plaintiff 's August 20, 2007 SMF filed in support of its Summary Judgment Motion. (Doc. 63).

The Court finds the delay in Plaintiff's Judgment against Defendants No. 1 Contracting Corp. and Roman from March 30, 2007, when Defendants' Counsel filed the Motion to Vacate Default, through October 25, 2007, when the Court originally entered Judgment in favor of Plaintiff, to be directly attributable to Defendants No. 1 Contracting Corp. and Roman and their counsel.

Defendants' Counsel had more than ample time within which to timely file their opposition briefs to Plaintiff's Motion for Sanctions. As stated above, the Court deems Defendants No. 1 Contracting Corporation and Al Roman as not opposing Plaintiff's Motion for Sanctions pursuant to Local Rule 7.6, M.D. Pa. The Court will deny Defendants' Counsel's Untimely Motion to file their Answer to Plaintiff's Motion for Sanctions *Nunc Pro Tunc.* (Doc. 90). Thus, the Court will also deem Defendants' Counsel as not opposing Plaintiff's Motion for Sanctions and will grant Plaintiff's Motion. As discussed above, even if the Court did grant Defendants' Counsel's Doc. 90 Motion, it finds no merit to Defendants' Counsel Answer (Doc. 89) and would still grant Plaintiff's Motion for Sanctions against Defendants' Counsel under Rule 11 and § 1927.

As with all cases before this Court, it is of paramount concern to keep the cases moving forward so that the parties can promptly get their day in court. As discussed, the Court attributes the delay in this case from March 30, 2007 through October 25, 2007 to Defendants No. 1 Contracting Corp. and Roman and Defendants' Counsel. Their conduct in this case during the stated time period needlessly caused the delay of Plaintiff in obtaining its Judgment against

Defendants No. 1 Contracting Corp. and Roman, and caused Plaintiff to unnecessarily incur the costs of filing its Summary Judgment Motion and supporting documents.[13]

Accordingly, the Plaintiff's Motion for Sanctions (Doc. 79) will be granted, and the Court will award Plaintiff sanctions against Attorney Santora, Bresset & Santora, LLC (Defendants' Counsel), and Defendants No. 1 Contracting Corp. and Roman pursuant to Rule 11 and 28 U.S.C. § 1927.[14] Since the Court is granting Plaintiff's Motion for Sanctions, it will now determine the amount of Sanctions to be awarded.

The Court has before it the Plaintiff's Motion for Rule 11 Sanctions against Defendants No. 1 Contracting Corp. and Roman and Defendants' Counsel filed on February 15, 2008, **(Doc. 79).** The Court heard argument from counsel at the May 7, 2008 telephonic conference. The Court relies upon the Affidavit of Plaintiff's Counsel, Doc. 79-2. As discussed, even if the Court considers Attorney Santora's untimely Affidavit in Response to the Affidavit of Plaintiff's Counsel, the Plaintiff's Motion for Sanctions would still be granted.

The Plaintiff in its Rule 11 Motion for Sanctions contends that the March 30, 2007 Motion to Set Aside Default filed by Defendants No. 1 Contracting Corp. and Roman through their counsel

---

[13]As stated above, we also find merit to the Plaintiff's argument that Defendants' and Defendants' Counsel's conduct required it to file its Summary Judgment Motion despite the deposition testimony of Defendant Roman which undermined their claimed meritorious defense to Plaintiff's claims.

[14]As stated above, Defendants No. 1 Contracting Corp. and Roman have been deemed as not opposing Plaintiff's Motion for Sanctions. We note that the late Answer of Defendants' Counsel to Plaintiff's Motion was only filed on their behalf and not on behalf of their clients. (Docs. 89 and 90).

contained false allegations, in that there was no reasonable excuse for their delay in responding to Plaintiff's pleading and there was not meritorious defense that Defendant No. 1 Contracting Corp. had paid Plaintiff's claim. (Doc. 79-8, p. 6). Plaintiff also states, with proffered sound reasoning, that its filings in opposition to Defendants' Motion to Set Aside Default (Docs. 31 and 32) should have lead Defendants' Counsel to at least check into the asserted meritorious defense of Defendants that No. 1 Contracting Corp. made payments for the cement upon which Plaintiff's claims were based. (Doc. 79-8, p. 7). Further, as Plaintiff points out, at Defendant Roman's deposition in July 2007, Defendants acknowledged that there was no evidence to support their defense that Defendant No. 1 Contracting Corp. had paid Plaintiff's claims. (*Id*.). Indeed, the Court finds that if Defendants did have such evidence, they would have certainly presented it to the Court with an opposition brief to Plaintiff's Motion for Summary Judgment. As stated, Defendants filed no opposition brief to Plaintiff's Summary Judgment Motion and submitted no evidence to dispute any of Plaintiff's evidence. The Court accepted all of Plaintiff's evidence as undisputed. (Doc. 71). Plaintiff concludes, and the Court agrees, that Defendants' Motion to Set Aside Default was filed for an improper purpose, namely to delay the Court's entry of Judgment in Plaintiff's favor, which Judgment the Court found Plaintiff was entitled to based on the undisputed evidence. (Doc. 79-8, p. 7, Doc. 79-2).

Thus, the Court finds that Defendants' Motion to Set Aside Default was not properly investigated prior to filing and, as a result, contained an unfounded and unsupported claim in violation of Rule 11 which unnecessarily caused Plaintiff a delay in obtaining its Judgment against Defendants No. 1 Contracting Corp. and Roman.

16

Rule 11 (b) and (c) provides that:

**(b) Representations to Court.** By presenting to the court a
pleading, written motion, or other paper, whether by signing, filing,
submitting, or later advocating it, an attorney or unrepresented party
certifies that to the best of the person's knowledge, information,
and belief, formed after an inquiry reasonable under the circumstances--

**(1)** it is not being presented for any improper purpose, such as
to harass or to cause unnecessary delay or needless increase in the
cost of litigation;

**(2)** the claims, defenses, and other legal contentions therein
are warranted by existing law or by a nonfrivolous argument for
the extending, modifying, or reversing existing law or for
establishing new law;

**(3)** the factual contentions have evidentiary support or,
if specifically so identified, will likely have evidentiary support after
a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on
the evidence or, if specifically so identified, are reasonably
based on belief or a lack of information.

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the
court determines that subdivision (b) has been violated, the court may impose
an appropriate sanction on any attorney, law firm, or party that violated
the rule or is responsible for the violation.

The Court in *Grider v. Keystone Health Plan Cent., Inc.*, 2007 WL 2874408, *5, n. 21 (E. D.

Pa.), noted:

"28 U.S.C. § 1927 provides as follows: § 1927.  Counsel's liability
for excessive costs.  Any attorney or other person admitted to
conduct cases in any court of the United States or any territory
thereof who so multiplies the proceedings in any case unreasonably
and vexatiously may be required by the court to satisfy personally
the excess costs, expenses, and attorneys' fees reasonably incurred
because of such conduct."

17

To the extent that Plaintiff requests sanctions under the Court's inherent supervisory powers, the *Grider* Court cited to *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).  *Id.,* * 5, n. 23.

As Plaintiff recognizes (Doc. 79-8, pp. 7-8), when confronted with a request to impose Rule 11 sanctions, it is within the Court's discretion in determining if a party did not sufficiently investigate the facts of the case and if a party did not properly research the applicable law prior to filing suit.  *Zuk v. EPPI of the Medical College of Pennsylvania*, 103 F. 3d 294, 299 (3d Cir. 1996). Rule 11 (b) (3) provides flexibility which allows pleadings based on evidence reasonably anticipated after further investigation or discovery.  *Rotella v. Wood*, 528 U.S. 549, 120 S.Ct. 1075, 1083 (2000).  The Court applies an objective standard when considering Rule 11 sanctions and must determine whether a reasonable attorney would have believed the pleading was well-founded according to what a reasonable attorney at that time would have known.  An attorney may be subject to sanctions for failure to conduct a reasonable inquiry if support does not objectively exist for the complaint.  *In re Keegan Management Co., Secs. Litigation*, 78 F. 3d 431, 434 (9th Cir. 1996). Thus, the standard of objective reasonableness under the circumstances applies in determining if a party should be sanctioned.

Further,  the Plaintiff urges  the Court to also award it fees and costs under 28 U.S.C. § 1927.[15]  (Doc. 79-8, pp. 8-10).

---

[15]Section 1927 only authorizes sanctions to unnecessary filings and tactics once a lawsuit has begun.  It cannot be applied to an initial pleading.  *In Re Keegan*, 78 F.3d at 435.

The standard for the imposition of attorney's fees under § 1927, wilful bad faith, differs from Rule 11. *Zuk, supra*, at 297. There must be statements on the record which the court can construe as an implicit finding of bad faith. *Id*. at 298. Indeed, the primary reason for imposing sanctions under § 1927 is "the deterrence of intentional and unnecessary delay in the proceedings." *Id*. at 297. (Citations omitted). The Plaintiff's Motion for Sanctions is based on the alleged failure of Defendants' Counsel to make a reasonably adequate inquiry into the facts and the law prior to filing Defendants' Motion to Set Aside Default, and for not consenting to judgment in Plaintiff's favor following Defendant Roman's July 2007 deposition, and instead requiring Plaintiff to file its Summary Judgment Motion and supporting documents, which Defendants No. 1 Contracting Corp. and Roman did not even oppose. Plaintiff's Motion asserts that sanctions against Defendants' Counsel should be imposed under §1927 because of multiplicity of the proceedings and the delay of its Judgment. (*Id*.).

After the May 7, 2008 telephone conference, and considering the Plaintiff's Motion and Brief as well as the untimely Answer of Defendants' Counsel, we find that Defendants' attorneys engaged in such conduct entitling Plaintiff to attorneys' fees and costs under § 1927. Defendants' Counsel did not have any evidence to support the Motion to Set Aside the Default, and the asserted defense of payment and Attorney Santora's claimed reliance on unspecified and unsubmitted information provided by Defendants to support this defense (Doc. 89, p. 1) was clearly without any good faith basis after Defendant Roman's July 2007 deposition. Further, the conduct of Defendants and Defendants' Counsel by not agreeing to a judgment in Plaintiff's favor and by requiring Plaintiff to file its Summary Judgment Motion, after they knew there was no good faith basis for their

defense of payment, needlessly multiplied and delayed the proceedings in this case.

Thus, even if the Court accepts Attorney Santora's Affidavit (Doc. 89), in which he avers that he relied upon his clients regarding the payment defense used as a basis for Defendants' Motion to Set Aside Default, he does not state what the information provided by his clients was, and he does not submit any evidence to support the asserted defense of payment. The Court simply does not accept Attorney Santora's unsubstantiated averment without indicating what information Defendants had to support the filing of their Motion to Set Aside Default and without submitting this evidence along with his Affidavit. (Doc. 89).

Further, as discussed, even after Attorney Santora realized that Defendants did not have a valid defense to Plaintiff's claims following Defendant Roman's July 2007 deposition, he still did not consent to judgment in Plaintiff's favor and needlessly caused Plaintiff to file its Summary Judgment Motion on August 20, 2007. (Doc. 59).  Finally, Attorney Santora allowed Plaintiff's Summary Judgment Motion to linger until October 25, 2007, without ever notifying this Court that Defendants were not going to oppose it.

As stated, a § 1927 award contains a different standard and more stringent standard than Rule 11 sanctions, namely a finding of wilful bad faith.  *Id*.  Section 1927 also requires specific notice and the opportunity to be heard prior to the imposition of sanctions.  *Id*. at 298.  The Plaintiff's Motion for Sanctions (Doc. 79) clearly contains written notice of both Rule 11 and §1927 sanctions.  As discussed Defendants' Counsel was given more than ample notice of Plaintiff's Motion and more than ample opportunity to respond to it and be heard.  Plaintiff's Motion and support Brief (Doc. 79-8, pp. 8-9) claim that Defendants' Counsel multiplied the proceedings in this

case unreasonably and vexatiously.  At the May 7, 2008 telephone conference, the Court allowed Defendants' Counsel and their attorney the opportunity to respond to Plaintiff's Rule 11 and § 1927 Motion and allowed them to respond to Plaintiff's claims against them.  Thus, the Defendants' Counsel received notice and the opportunity to be heard regarding the Plaintiff's § 1927 sanction request.

The Court has specifically agreed with Plaintiff and has found evidence that the Defendants' attorneys acted unreasonably or vexatiously in this case.  As discussed above, the Court agrees with Plaintiff that Defendants' Counsel did not have a reasonable basis for its conduct in failing to withdraw Defendants' Motion to Set Aside Default and in failing to consent to judgment in Plaintiff's favor without requiring Plaintiff to file its Summary Judgment Motion.  The Court concurs with Plaintiff's Counsel's detailed Affidavit (Doc. 79-2) and with his arguments made during the May 7, 2008 telephone conference.  The Court accepts Plaintiff's Counsel's representations (Doc. 79-2) and, accordingly, will grant Plaintiff's Motion for Sanctions under both Rule 11 and § 1927. However, the Court will deny Plaintiff's Motion for the Court to impose sanctions through its inherent power.

In the present case, the Court finds that the filing of the Defendants' Motion to Set Aside Default, which enabled Defendants to file their Answer to Plaintiff's Amended Complaint, was objectively baseless since there was no evidence to support Defendants' proffered defense of payment.  We also find that there was a wilful bad faith by the Defendants and Defendants' Counsel in filing the Defendants' Motion to Set Aside Default and in failing to later consent to entry of Judgment in favor of Plaintiff following the July 2007 deposition of Defendant Roman.

Therefore, we will grant Plaintiff's Motion for Sanctions.  However, we do not agree with Plaintiff that the appropriate amount for sanctions is $230,000.00 or $250,000.00, as was requested by Plaintiff's Counsel during the May 7, 2008 telephone conference.

In Plaintiff's Counsel's Affidavit, he notes that from March 1, 2007 through January 18, 2008, according to Defendant No. 1 Contracting's Profit and Loss Sheet, Defendant No. 1 Contracting collected more than $2.1 million in revenues and paid expenses of more than $1.9 million, including a total of over $230,000.00 in professional fees.  (Doc. 79-2, p. 5, n. 2).  The Ex. D attached to Plaintiff's Counsel's Affidavit supports this.  (Doc. 79-6).  During the May 7, 2008 telephone conference call, Plaintiff's Counsel specifically requested Sanctions against Defendants No. 1 Contracting Corp. and Roman and their counsel in the amount of $250,000.00.  In Plaintiff's support Brief and its Counsel's Affidavit, it is requested only that the Court award Plaintiff "heavy monetary sanctions."  (Docs. 79-8 and 79-2).

While the Court agrees with Plaintiff, as discussed above, that it is entitled to an award of monetary sanctions against Defendants No. 1 Contracting Corp. and Roman and their counsel for the delay in this case from March 30, 2007 through October 25, 2007, about seven (7) months delay, we do not agree that the amount of either $230,000.000 or $250,000.00 is appropriate based on the facts of this case.   During the May 7, 2008 conference call, Attorney Santora indicated that he and his firm were not paid any amount even close to the $230,000.00 in professional fees Defendant No. 1 Contracting Corp. paid out from March 1, 2007 through January 18, 2008.  Nor is there any breakdown on Defendant No. 1 Contracting Corp.'s Profit and Loss as to what amounts it paid Defendants' Counsel during the time period from March 1, 2007 through

January 18, 2008.

Plaintiff's Counsel avers that the delay in obtaining Plaintiff's Judgment has resulted in greater difficulty for Plaintiff to collect on its Judgment against Defendants No. 1 Contracting Corp. and Roman. (Doc. 79-2, ¶ 3., p. 4).   The Court does not find any support for this averment.   In any event, the Court does agree with Plaintiff and its counsel that Defendants No. 1 Contracting Corp. and Roman and their counsel needlessly made Plaintiff incur Attorney's fees and costs during the stated seven-month period.   Therefore, the Court will order Defendants No. 1 Contracting Corp. and Roman and their counsel to pay all of Plaintiff's attorney's fees and costs it incurred directly related to the litigation of this case from March 30, 2007 through October 25, 2007.   *See* Rule 11(c)(4).   The Court imposes this sanction on Defendants' Counsel in addition to Defendants No. 1 Contracting Corp. and Roman pursuant to 28 U.S.C. § 1927.[16]   *See Grider*, 2007 WL 2874408, * 32.

The Court finds that from March 30, 3007 through October 25, 2007, Defendants' Counsel, in conjunction with Defendants No. 1 Contracting Corp. and Roman, engaged in a course of conduct, as detailed in Plaintiff's Counsel's Affidavit (Doc. 79-2) and as discussed above, which unnecessarily delayed this case for the stated seven-month period and which constituted bad faith. Defendants No. 1 Contracting Corp. and Roman and their counsel should have known at the time the baseless Motion to Set Aside Default was filed on behalf of these Defendants  (March 30, 2007)

---

[16]As indicated below, the Court will apportion the percentages of Defendants and Defendants' Counsel which must be paid for the total attorney's fees and costs awarded to Plaintiff.

that there was no evidence that No. 1 Contracting Corp. had made any payments to Plaintiff for the cement at issue in this case.  At the very latest, after Defendant Roman's July 2007 deposition, Defendants No. 1 Contracting Corp. and Roman and their counsel should have known that these Defendants did not have a valid and meritorious defense to Plaintiff's claims against them.  If not for the actions of Defendants No. 1 Contracting Corp. and Roman and their counsel, Plaintiff would most likely have obtained its Judgement against Defendants No. 1 Contracting Corp. and Roman in April 2007 as opposed to October 2007.  In fact, on March 30, 2007, the date Defendants filed their baseless Motion to Vacate Default, Plaintiff filed its Motion for Default Judgment as to Defendants No. 1 Contracting Corp. and Roman.  (Doc. 21).

Thus, the Court finds that the conduct of Defendants No. 1 Contracting Corp. and Roman and their counsel was in bad faith and that this conduct  caused a needless delay in Plaintiff's attainment of its Judgment for a seven-month period and caused Plaintiff to incur unnecessary attorneys' fees and costs during this time.  As discussed above, we agree with Plaintiff that Defendants No. 1 Contracting Corp. and Roman never submitted any evidence to show that they ever had a meritorious defense to Plaintiff's claims against them.  Further, we do not find that Santora's Affidavit, even if considered by the Court (Doc. 89), points to one shred of evidence to support his claim that he had a good faith basis to file Defendants' Motion to Set Aside Default and that Defendants had a meritorious defense to Plaintiff's claims against them.  Even after the "surprise" of Defendants' Counsel (Doc. 89, p. 1) after hearing the deposition testimony of Defendant Roman, an agreement to permit Plaintiff to obtain Judgment against Defendants was not offered, and Plaintiff was needlessly required to file its Summary Judgment Motion.  Moreover, even

24

though Defendants No. 1 Contracting Corp. and Roman did not oppose Plaintiff's Summary

Judgment Motion by filing an opposition brief, they did not concur with it or advise this Court that

they were not opposing it.  While Attorney Santora avers (Doc. 89) that he acted on information

provided by his clients, *i.e.* Defendants No. 1 Contracting Corp. and Roman, as the basis of his filing

of the Motion to Set Aside Default, he does not present any such information or evidence with his

Affidavit to support his claim that Defendants ever had a meritorious defense to Plaintiff's claims,

such as proof of any payment made to Plaintiff for the cement at issue in this case.  Defendants'

Counsel still did not withdraw the Motion to Set Aside Default  even after Plaintiff's credit manager

detailed in his Affidavit (Doc. 31) the baselessness of Defendants' proffered defense.  Thus, based

on the above reasons, the Court finds that Defendants' Counsel violated 28 U.S.C. §1927.

Plaintiff has further requested the Court to impose sanctions under its inherent power. (Doc.

79-8, pp. 10-11).  As Plaintiff recognizes (*Id*.), in order for the Court to impose sanctions under its

inherent power, counsel's conduct must "constitute or [be] tantamount to bad faith." *Roadway

Express, Inc., v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 2465 (1980); *In Re Keegan*, 78 F.3d at

436.  Also as Plaintiff recognizes (*Id*.),  the Court should first consider the available statutory

remedies.  As discussed above,  we find  bad faith by Defendants No. 1 Contracting and Roman,

as well as by Defendants' Counsel and, therefore, have found sanctions are appropriate in this case.

However, the Court will not also impose sanctions under the Court's inherent power since it finds

that Rule 11 and § 1927 provide adequate remedies for Plaintiff.

As in *Grider,* in which the Court found that since Rule 11 and § 1927 were sufficient to

impose appropriate sanctions against its Defendants and their counsel and there was no need for

25

the Court to also invoke its inherent power to further sanction Defendants and their counsel, this Court too finds that Rule 11 and § 1927 are sufficient to impose appropriate sanctions against our Defendants and their counsel, and this Court will not impose further sanctions under its inherent power. *See Grider*, 2007 WL 2874408, * 34.

Plaintiff's Counsel will be directed to file a Petition for Attorney's Fees and Costs with the Court in ten (10) days specifically itemizing all of Plaintiff's attorney's fees and costs directly related to Plaintiff's litigation of this case against only Defendants No. 1 Contracting Corp. and Roman (not against Defendant XL Specialty Ins. Co.) during the stated seven-month period, *i.e.* March 30, 2007 through October 25, 2007. The attorney's fees and costs shall include, but not be limited to, Plaintiff's opposition filings to Defendants' Motion to Set Aside Default, Plaintiff's expenses incurred for the delay in obtaining its Judgment during the stated time period, and Plaintiff's filing of its Summary Judgment Motion and supporting documents against Defendants No. 1 Contracting Corp. and Roman. It will be further ordered that Defendants No. 1 Contracting Corp. and Roman and Defendants' Counsel, Attorney Santora and Bresset & Santora, LLC, pay the following percentages of the total attorney's fees and costs awarded to Plaintiff herein:

Defendant Roman - 25%

Defendant No. 1 Contracting Corp. - 50 %

Attorney Santora and Bresset & Santora, LLC - 25%.[17]

---

[17]The Court orders Defendants' Counsel, Attorney Santora and Bresset & Santora, LLC, to pay the same percentage of the total sanctions awarded as Defendant Roman and a smaller percentage than Defendant No. 1 Contracting Corp. since Santora avers and stated in the May 7, 2008 telephone conference that he was relying upon information provided by Defendants when he filed the Motion to Set Aside Default (Doc. 89). Regardless of this averment, Attorney

An appropriate order follows.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: May 19, 2008**

---

Santora has not offered any evidence he avers Defendants provided to him to show that they had a meritorious defense in this case, and in particular, at the time Defendants filed their Motion to Set Aside Default. Thus, the Court has not exonerated the conduct of Defendants' Counsel with respect to its award of sanctions to Plaintiff.

 Further, even after Defendant Roman's July 2007 deposition testimony, when it should have become apparent to Defendants' Counsel that Defendants did not have a valid defense to Plaintiff's claims against them, Defendants' Counsel still did not consent to judgment in Plaintiff's favor and made Plaintiff file its Summary Judgment Motion and supporting documents, and thus unreasonably and needlessly multiplied the proceedings in this case.  Thus, as stated, the Court has not exonerated Defendants' Counsel from paying a percentage of the total attorney's fees and costs awarded to Plaintiff since we have specifically found, as discussed in detail above, that Defendants' Counsel acted in bad faith and that this conduct caused a needless delay in Plaintiff's attainment of its Judgment for a seven-month period and caused Plaintiff to incur unnecessary attorney's fees and costs during this time.

 The Court also notes that the Bresset & Santora, LLC law firm is jointly responsible for the Rule 11 violations which were committed by Attorney Santora.  *See* Rule 11(c)(1).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAFARGE CORPORATION., | : | CIVIL ACTION NO. **3:CV-06-2315** |
| | : | |
| Plaintiff | : | Magistrate Judge Blewitt |
| | : | |
| v. | : | |
| | : | |
| NO.1 CONTRACTING CORPORATION, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

**AND NOW,** this **19th** day of **May, 2008**, **IT IS HEREBY ORDERED THAT:**

1.  Plaintiff's Motion for Sanctions under Rule 11 and § 1927 **(Doc. 79)** is **GRANTED** as against Defendants No. 1 Contracting Corp. and Roman, and Attorney Santora and Bresset & Santora, LLC**.**

2.  Plaintiff's Motion for Sanctions under the Court's inherent power is **DENIED.**

3.  Defendants' Counsel's Motion to File Their Answer to Plaintiff's Motion for Sanctions Out of Time **(Doc. 90)** is **DENIED.**

4.  Plaintiff's Counsel shall have **ten (10) days** from the date of this Order to file a Petition for the Attorney's Fees and Costs awarded in the foregoing Memorandum, together with his time records for the seven-month relevant period, including a detailed explanation of the hours

28

expended, the dates of the services performed, the tasks completed, the hourly rate for each

attorney performing work on this matter, and an itemized statement of costs and expenses incurred

by Plaintiff during the stated seven-month period.


s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge

Dated: May 19, 2008