IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAFARGE CORPORATION., | : | CIVIL ACTION NO. **3:CV-06-2315** |
| | : | |
| Plaintiff | : | Magistrate Judge Blewitt |
| | : | |
| v. | : | |
| | : | |
| NO.1 CONTRACTING CORPORATION, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

**I. Background.**

On May 19, 2008, the Court issued a Memorandum and Order and directed as follows:

1. Plaintiff's Motion for Sanctions under Rule 11 and § 1927 **(Doc. 79)** is **GRANTED** as against Defendants No. 1 Contracting Corp. and Roman, and Attorney Santora and Bresset & Santora, LLC.

2. Plaintiff's Motion for Sanctions under the Court's inherent power is **DENIED.**

3. Defendants' Counsel's Motion to File Their Answer to Plaintiff's Motion for Sanctions Out of Time **(Doc. 90)** is **DENIED.**

4. Plaintiff's Counsel shall have **ten (10) days** from the date of this Order to file a Petition for the Attorney's Fees and Costs awarded in the foregoing Memorandum, together with his time records for the seven-month relevant period, including a detailed explanation of the hours

expended, the dates of the services performed, the tasks completed, the hourly rate for each attorney performing work on this matter, and an itemized statement of costs and expenses incurred by Plaintiff during the stated seven-month period.

(Doc. 92). See 2008 WL 2120518 (M.D. Pa.).

In its May 19, 2008 Memorandum, the Court also stated that:

> Plaintiff's Counsel will be directed to file a Petition for Attorney's Fees and Costs with the Court in ten (10) days specifically itemizing all of Plaintiff's attorney's fees and costs directly related to Plaintiff's litigation of this case against only Defendants No. 1 Contracting Corp. and Roman (not against Defendant XL Specialty Ins. Co.) during the stated seven-month period, i.e. March 30, 2007 through October 25, 2007. The attorney's fees and costs shall include, but not be limited to, Plaintiff's opposition filings to Defendants' Motion to Set Aside Default, Plaintiff's expenses incurred for the delay in obtaining its Judgment during the stated time period, and Plaintiff's filing of its Summary Judgment Motion and supporting documents against Defendants No. 1 Contracting Corp. and Roman. It will be further ordered that Defendants No. 1 Contracting Corp. and Roman and Defendants' Counsel, Attorney Santora and Bresset & Santora, LLC, pay the following percentages of the total attorney's fees and costs awarded to Plaintiff herein:
>
> Defendant Roman - 25%
> Defendant No. 1 Contracting Corp. - 50 %
> Attorney Santora and Bresset & Santora, LLC - 25%.

Id.

## II. Discussion.

In accordance with the stated Order, Plaintiff filed a Petition for Sanctions on July 11, 2008, as well as an Affidavit of Plaintiff's co-counsel, Lawrence E. Tofel, Esquire, with attached detailed Exhibits (Exs. A-D) consisting of a total of 53 pages in support of Plaintiff's Petition for the Attorney's Fees and Costs awarded to it in the May 19, 2008 Memorandum and Order. (Docs. 98, 99 and 99-2).

In his Affidavit, Attorney Tofel requests the Court to modify its May 19, 2008 Memorandum and Order so that the Court's Rule 11 award is made "joint and several" as against all Respondents, i.e. Defendants No. 1 Contracting Corporation Corp. and Al Roman, and Defendants' counsel, to clarify that the sanctions awarded under Rule 11 are imposed "jointly and severally" as against all Respondents, and that the sanctions awarded under § 1927 are imposed as against only Defendants' counsel. Attorney Tofel also requests the Court to specify that the sanctions imposed in the May 19, 2008 Memorandum and Order as against Defendants No. 1 Contracting Corporation Corp. and Al Roman are in addition to the total fees and expenses of $125,092.73 that were previously awarded to Plaintiff against these Defendants in the Amended Judgment entered in this case on November 15, 2007. (Doc. 78).

On August 18, 2008, Counsel for Respondent Attorney Santora, namely, Attorney Philip Lauer, filed a Brief in Opposition to Plaintiff's Petition for Sanctions awarded by the Court's May 19, 2008 Memorandum and Order, as well as to Attorney Tofel's Affidavit (Docs. 98, 99 and 103). To date, Respondents No. 1 Contracting and Roman have not filed any response to the stated filings. Nor have Respondents No. 1 Contracting and Roman requested additional time within which to file a response. On August 12, 2008, counsel for Respondent Attorney Santora filed an Amended Opposition Brief, which the Court construes as superseding his original opposition Brief. (Doc. 107).

The Court recognizes the Third Circuit has indicated that "courts considering monetary sanctions should take into account the party's financial resources" *DiPaolo v. Moran*, 407 F. 3d 140, 145-46 (3d Cir. 2005); *Zuk v. Eastern PA Psychiatric Institute*, 103 F. 3d 294, 301 (3d Cir.

3

1996) (district courts should "consider mitigating factors in fashioning sanctions, most particularly the sanctioned party's ability to pay."). Since the Court has ordered that it is imposing monetary sanctions, it will consider the financial resources of Respondents, *i.e.* Defendants' counsel and Defendants No. 1 Contracting and Roman.

Accordingly, on August 12, 2008, the Court issued an Order setting oral argument regarding Plaintiff's Petition for Sanctions Awarded pursuant to the Court's May 19, 2008 Memorandum and Order (Doc. 98) and the Affidavit of Plaintiff's Attorney (Doc. 99), as well as Respondent Santora's Opposition Brief thereto (Doc. 107) for September 4, 2008. (Doc. 106).[1]

The Court agrees with Attorney Tofel and his rationale (Doc. 99, pp. 8-10), based on the case of *Zuk v. Eastern PA Psychiatric Institute*, 103 F. 3d 294, 297 (3d Cir. 1996)("the statute [§1927] is designed to discipline counsel only and does not authorize imposition of sanctions on the Attorney's client."),[2] that its May 19, 2008 sanctions award should be clarified and modified in order to specify the portion of the sanctions imposed therein against counsel for Defendants No.

---

[1] During a telephone conference with the Court on August 18, 2008, regarding post-judgment financial discovery with respect to Plaintiff's November 2007 Judgment against Defendants No. 1 Contracting and Roman (Doc. 105), the Court permitted Attorney Lauer to file a further opposition brief to Plaintiff's Petition for Sanctions (Doc. 98) within five (5) days of the conference.

The Court notes that during the September 4, 2008 oral argument, it will not revisit its May 19, 2008 Memorandum and Order insofar as it granted Plaintiff's Motion for Sanctions. (Doc. 79).

[2] The *Zuk* Court stated that "[i]n imposing joint and several liability upon appellant, the district court stated only that it was acting pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. It did not set forth the portion of the sanctions imposed as a result of the perceived § 1927 violation, as opposed to the portion to be allocated pursuant to Rule 11." 103 F. 3d at 298.

4

1 Contracting Corp. and Roman as a result of their § 1927 violation and to specify the portion of the sanctions imposed pursuant to Rule 11 against Defendants' counsel as well as Defendants No. 1 Contracting Corp. and Roman. As stated, the Court will conduct oral argument on September 4, 2008, with respect to the amount of sanctions that will be awarded pursuant to the May 19, 2008 Memorandum and Order. (Doc. 106).[3]

## III. Conclusion.

The Court will therefore clarify and modify its May 19, 2008 Memorandum and Order as follows:

    (a)    sanctions are awarded only against Defendants' counsel under and pursuant to 28 U.S.C. § 1927, in an amount equal to 100% of Plaintiff Lafarge's attorneys' substantiated fees and costs during the specified seven-month period in an amount to be determined by the Court;

    (b)    sanctions are also awarded against Defendants' counsel and Defendants No. 1 Contracting Corp. and Roman in an amount to be determined by the Court, pursuant to F.R.C.P. Rule 11, and all the said sanctions under FRCP Rule 11 shall be deemed a joint and several obligation of Defendants No. 1 Contracting Corp. and Roman, and their counsel; and

---

[3]Since it is abundantly clear to the Court that its May 19, 2008 Memorandum and Order must be clarified and modified to conform to the Third Circuit's holding in *Zuk*, the Court did not wait until the September 4, 2008 oral argument to modify its stated Memorandum and Order. Also, the Court wanted counsel to be aware of the modifications made to the May 19, 2008 Memorandum and Order prior to the September 4, 2008 oral argument. The Court further notes that it will not set the actual amount of sanctions imposed until after the September 4, 2008 oral argument.

      (c)    the sanctions that will be imposed as against Defendants No. 1 Contracting Corp. and Roman are deemed in addition to the existing November 15, 2007 Amended Judgment entered against them.

An appropriate Order follows.

 

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAFARGE CORPORATION., | : | CIVIL ACTION NO. **3:CV-06-2315** |
| | : | |
| Plaintiff | : | Magistrate Judge Blewitt |
| | : | |
| v. | : | |
| | : | |
| NO.1 CONTRACTING CORPORATION, et al., | : | |
| | : | |
| Defendants | : | |

### **ORDER**

AND NOW, this 20th day of **August, 2008, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's request for the Court to clarify and modify its May 19 2008 Memorandum and Order is **GRANTED.**

2. The Court's May 19 2008 Memorandum and Order (Doc. 92) is **MODIFIED** as follows:

   (a)   sanctions are awarded only against Defendants' counsel under and pursuant to 28 U.S.C. § 1927, in an amount equal to 100% of Plaintiff Lafarge's attorneys' substantiated fees and costs during the specified seven-month period in an amount to be determined by the Court;

   (b)   sanctions are also awarded against Defendants' counsel and Defendants No. 1 Contracting Corp. and Roman in an amount to be determined by the Court, pursuant to F.R.C.P. Rule 11, and all the sanctions under FRCP Rule 11 shall be deemed a joint and several obligation of Defendants No. 1 Contracting Corp. and Roman, and their counsel; and

(c)     the sanctions that will be imposed against Defendants No. 1 Contracting Corp. and Roman are deemed in addition to the existing November 15, 2007 Amended Judgment entered against them.

(d)     In all other respects, the Court's May 19, 2008 Memorandum and Order remains unaltered.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August , 2008**